IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

PEREZ Y CIA. DE PUERTO RICO, INC.

Plaintiff

v.

C & O BROKERAGE

Defendants

Civil No.  09-1717 (SEC)

**OPINION AND ORDER**

Pending before this Court is Defendant C & O Brokerage, Inc.'s ("Defendant") Motion for Attorney's Fees. Docket # 8. Plaintiff Perez y Cia. De Puerto Rico, Inc. ("Plaintiff") filed a Motion to Strike Defendant's Motion for Attorney's Fees.[1] Docket # 9. After reviewing the filings, and the applicable law, Defendant's motion is **DENIED**.

**Factual and Procedural Background**

On July 28, 2009, Defendant filed a notice of removal from the Puerto Rico Court of First Instance, San Juan Part. Docket # 1. A month later, Defendant filed a motion to dismiss under FED. R. CIV. P. 12(b)(6) (Docket # 3), and shortly thereafter, filed a motion for sanctions under FED. R. CIV. P. 11 (Docket # 4). Plaintiff then gave notice of voluntary dismissal, and since Defendant had not yet filed a responsive pleading, nor moved for summary judgment, this Court entered judgment dismissing the case. Docket # 6. Thereafter, on September 23, 2009, Defendant requested an extension of time to file a motion for attorney's fees, which it filed later that day. Dockets ## 6 & 7.  In response, Plaintiff moved to strike Defendant's request for attorney's fees on procedural grounds. Docket # 9.

---

[1] Plaintiff also requested an extension of time to file said motion, which was noted by this Court, insofar as Plaintiff filed the motion on the same date. Dockets ## 7 & 10.

**Standard of Review**

*FED. R. CIV. P. 54*

Motions for attorney fees and costs are governed by Rule 54(d)(2). Rule 52(d)(2)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party..." A claim for attorney's fees "must me made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Rule 54(d)(2)(A). Moreover, "[u]nless a statute or a court order provides otherwise, the motion must: (i) be filed no later than 14 days after the entry of judgment; (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award; (iii) state the amount sought or provide a fair estimate of it; and (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made." Rule 54(d)(2)(B).

Therefore, under the well-established "American Rule," attorney's fees are not recoverable by a party unless statutorily or contractually authorized. Mullane v. Chambers, 333 F.3d 322, 337-38 (1st Cir. 2003) (citing Whitney Bros. Co. v. Sprafkin, 60 F.3d 8, 13 (1st Cir. 1995). However, "a court possesses inherent equitable powers to award attorney's fees against a party that has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Id.; see also Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991) (internal citations omitted). In this regard, the imposition of sanctions "transcends a court's equitable power concerning relations between the parties and reaches a court's inherent power to police itself, thus serving the dual purpose of 'vindicating judicial authority without resort to the more drastic sanctions available for contempt of court and making the prevailing party whole for expenses caused by his opponent's obstinacy.'"Chambers, 501 U.S. at 46 (internal citations omitted).  Courts have imposed sanctions when fraud has been practiced upon it, a party shows bad faith by delaying

**CIVIL NO. 09-1717 (SEC)**                                                                                         Page 3

or disrupting the litigation, or by hampering enforcement of a court order. Id. Sanctions as a result of a party's bad-faith includes "the third prong of Rule 11's certification requirement, which mandates that a signer of a paper filed with the court warrant that the paper is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Id. at n. 10.

> *FED. R. CIV. P. 11*
>
> Rule11 provides:
>
> [b]y presenting to the court…a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances…(1)  the claims…are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; (2) the allegations and other factual contentions have evidentiary support…

Fed. R. Civ. P. 11. The rule further notes that to petition for Rule 11 sanctions, "a motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11 (b)." Also, the "motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention or denial is withdrawn or appropriately corrected within 21 days after service…"

**Applicable Law and Analysis**

In the motion for attorney's fees, Defendant reiterates the arguments set forth in its previous motion for sanctions. Specifically, Defendant contends that based upon the First Circuit's holding in TAG/ICIB v. Sedeco, 570 F.3d 60 (1st Cir. 2009), the statute of limitation for collection of freight and demurrage expired more than two years prior to the filing of this suit, and thus, Plaintiff's claims are time-barred. According to Defendant, Plaintiff's alleged failure to voluntarily dismiss their complaint earlier shows vexatious and frivolous conduct which must be sanctioned by this Court. In support of their allegations, Defendants contend that

**CIVIL NO. 09-1717 (SEC)** Page 4

they requested on several occasions that Plaintiff dismiss its complaint, to no avail. Specifically, Defendant posits that on July 17, 2009, their counsel called Plaintiff's counsel to inform him about <u>Sedeco</u>,[2] and advise him that voluntary dismissal of the complaint was proper. Thereafter, on July 21, 2009, Defendant's counsel sent a letter *via* fax, requesting that the case be voluntarily dismissed. On July 28, 2009, Defendant filed the notice of removal, and also sent Plaintiff an email requesting that the case be voluntarily dismissed. Because Plaintiff did not respond to said requests, Defendant moved for the imposition of sanctions. Shortly thereafter, Plaintiff filed the notice of voluntary dismissal, and this Court entered judgment accordingly. Defendant argues that Plaintiff's conduct prior to voluntarily dismissing the case, requires the imposition of sanctions through the payment of the costs and attorney's fees incurred so far. In opposition, Plaintiff contends that Defendant's motion for attorney's fees is untimely, insofar as it was not filed within Rule 54(d)(2)(B)(i)'s 14 day period.

After reviewing the record, this Court finds that Defendant request for an extension of time to file the motion for attorney's fees was filed 15 days after the entry of judgment. Therefore, Defendant did not comply with Rule 54(d)(2)(B)(i). Moreover, Defendant's motion does not state the amount sought or provide a fair estimate pursuant to Rule 54(d)(2)(B)(iii).

Additionally, in the present case, Defendant argues that "Plaintiff wasted its harbor opportunity to promptly and voluntarily dismiss the complaint and avoid sanctions…" because "forty-two days elapsed… since it was formally requested to withdraw its Complaint." Docket # 8. However, Rule 11 clearly states that the "motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged claim…is withdrawn or appropriately corrected within 21 days after service." Therefore, the safe harbor period begins to run only

---

[2] Regarding matters unrelated to this case, on July 14, 2009, Counsel for Defendants met with Lourdes Campos, Plaintiff's employee, and therein provided Plaintiff with a copy of <u>Sedeco</u>.


**CIVIL NO. 09-1717 (SEC)**                                                                                                           Page 5

upon service of the proposed Rule 11 motion upon the party against whom sanctions are sought. Many courts have held that other types of notice, such as letters, are insufficient to trigger the beginning of the safe harbor period. <u>Roth v Green</u>, 466 F.3d 1179, 1192 (10th Cir. 2006) (nothing in Rule 11(c)(1)(A) suggests that letter addressed to alleged offending party will suffice to satisfy safe harbor requirements; rather, plain language of subsection (c)(1)(A) requires copy of actual motion for sanctions to be served on person accused of sanctionable behavior at least twenty-one days prior to filing of that motion); <u>Lancaster v Zufle</u>,170 F.R.D. 7 (S.D.N.Y.1996) (letter sent by defendant's counsel to plaintiff's counsel, which requested that plaintiff consider withdrawing lawsuit, was not equivalent of compliance with Rule 11's safe harbor provision, since the plain language of rule expressly requires serving of formal motion); <u>Harding Univ. v Consulting Servs. Group, L.P.</u>, 48 F. Supp. 2d 765, 770 (N.D.Ill.1999) (twenty-one-day period under Rule 11(b), during which counsel accused of filing frivolous document could take curative action by withdrawing or amending document, was not triggered by letter to plaintiffs' counsel demanding dismissal of suit, since defendants' counsel was required to serve plaintiffs' counsel with the motion for sanctions to trigger period).

   Defendant's argument that Plaintiff tardily filed its notice of voluntary dismissal is premised on the July 21, 2009 sent to Plaintiff *via* fax. According to Defendant, the 21 day period under Rule 11 began on said date. However, as previously noted, a letter is insufficient to trigger Rule 11's safe harbor provision. There is no evidence or allegations that Defendant sent the motion for sanctions to Plaintiff prior to filing it with this Court. Thus Plaintiff learned about the motion for sanctions on August 31, 2009, and filed its notice of voluntary dismissal

**CIVIL NO. 09-1717 (SEC)**  Page 6

the day after, on September 1, 2009.[3] Considering the foregoing, this Court finds that Plaintiff's conduct was not vexatious or frivolous, and thus the imposition of costs and attorney's fees as sanctions is unwarranted. Defendant's actions are mere cavil.

**Conclusion**

Based on the foregoing, Defendant's motion for attorney's fees is **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 7th day of December, 2009.

*S/ Salvador E. Casellas*
SALVADOR E. CASELLAS
United States District Judge

---

[3] This Court further notes that the Sedeco case was published on June 26, 2009, that is, a day after Plaintiff filed the complaint in state court. Accordingly, at the time the complaint was filed, the applicable statute of limitations was not six months.